# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ENCARNACION AGUILAR, | ) | |
| | ) | |
| Petitioner, | ) | 2:06-CV-01278-JCM-RJJ |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| D.W. NEVEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner has filed two motions seeking the appointment of counsel. (Docket #6 and #17). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The claims in this case are not especially complex. Also, the Court notes from the petition, amended petition, and

1 | other documents that petitioner has submitted to the Court, that petitioner is able to present matters
2 | to the Court in an organized and understandable manner.  Petitioner's motions for the appointment of
3 | counsel are denied.

4 |       **IT IS THEREFORE ORDERED** that petitioner's motions for the appointment of
5 | counsel (Docket #6 and #17) are **DENIED.**
6 |       Dated this 3rd day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE

2